NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter David Maassen,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et. al.,<br><br>    Respondents. | No. CV-13-00188-PHX-SRB<br><br>**ORDER** |

  Petitioner Peter David Maassen filed his Petition for Writ of Habeas Corpus on January 28, 2013. He raises four claims for relief. Petitioner claims that the Mesa Police Department violated his Fourth Amendment Rights by searching his home without probable cause and without a warrant for his arrest or a search warrant. Petitioner claims that his Sixth Amendment Rights were violated because the state was allowed to amend Count One of the Indictment at trial. Petitioner's third claim is that his federal and state constitutional rights were violated because the police came onto his property without a search warrant or a warrant for his arrest and after entering onto his property did not announce their presence. Petitioner's final claim is that his Fourth Amendment Rights were violated because the police used a trick to flush him out of his house and then entered and searched his house without a warrant and without his permission. Respondents filed their answer on May 10, 2013 requesting that the Petition be denied because the Arizona Court of Appeal's decision denying Petitioner's Fourth and Sixth

Amendment claims was not clearly contrary to nor an unreasonable application of federal law. Petitioner filed a reply in support of his habeas petition on June 6, 2013.

The Magistrate Judge issued his Report and Recommendation recommending that the Petition be denied on August 27, 2013. Petitioner filed timely written objections on September 17, 2013, and on that same date also filed a Motion to Stay Petitioners Petition of Habeas Corpus.

Rather than making specific objections to the findings and recommendations of the Magistrate Judge, Petitioner's objections re-argue the arguments that he made to the Court of Appeals and in his Petition for Writ of Habeas Corpus that the Arizona Court of Appeals erred in its determination of his Fourth and Sixth Amendment claims. At several points in his objections Petitioner asserts that the Arizona Court of Appeals "profoundly misinterpreted facts as testified to at trial" and because of that misinterpretation of the facts the Arizona Court of Appeals resolution of his Fourth Amendment claims was contrary to or an "unreasonable application of clearly established Supreme Court precedent." (Doc. 17, Pet'r's Objection to Report and Recommendation ("Obj") at 5,8) With respect to his Sixth Amendment claim, Petitioner also objects because the Arizona Court of Appeal's resolution of his Sixth Amendment claim, which allowed the State to amend the indictment, was contrary to or an unreasonable application of clearly established federal law.

With respect to Petitioner's Fourth Amendment claims, the Magistrate Judge found that the Petitioner had a full and fair opportunity to litigate those claims in state court and, therefore, in accordance with the holding of the United States Supreme Court in Stone v. Powell, 428 U.S. 465, 494, 96 S.Ct. 3037 (1976), the Court should not reconsider Petitioner's Fourth Amendment claims. With respect to Petitioner's Sixth Amendment claim, the Magistrate Judge noted that the Arizona Court of Appeals found that an amendment to an indictment which merely lowered the classification of the offense did not deprive the Petitioner of his Sixth Amendment right to notice and that Petitioner had not shown he was prejudiced by the amendment. The Magistrate Judge

concluded that the Arizona Court of Appeal's decision was not clearly contrary to federal law because the Court of Appeals applied the correct standard to Petitioner's claim. The Magistrate Judge also concluded that the Court of Appeal's decision was not an unreasonable application of the United States Supreme Court precedent on the Sixth Amendment and recommended denial of habeas relief on the Sixth Amendment claim. Petitioner argues that he was prejudiced stating "the prejudice was so bad that the deficiencies made my trial so egregiously unfair as amount to deprivation of my right to due process," (Obj at 11) but has not explained how he was so prejudiced.

Also pending is Petitioner's Motion to Stay Petitioners Petition of Habeas Corpus to which Respondents filed an opposition and to which Petitioner replied. The motion was admittedly prompted by the Magistrate Judge's discussion in his Report and Recommendation of the pendency of Petitioner's Post-Conviction Relief Petition in state court. The Magistrate Judge noted that the habeas petition is timely because it raised claims decided on his direct appeal and, therefore, already exhausted in state court. The Magistrate Judge noted that Petitioner had not asked to stay his Petition pending the resolution of any claims of ineffective assistance of counsel which he may be exhausting in his state Petition for Post-Conviction Relief. Once those claims are exhausted the Magistrate Judge noted that the Petitioner would be required to file a second or successive habeas petition if he wished to bring his ineffective assistance of counsel claims in a federal habeas petition.

The Court will deny the Request for Stay. As noted in the Response in Opposition to the Motion to Stay, a stay is only appropriate in certain limited circumstances where a federal habeas petition includes exhausted and unexhausted claims. The habeas petition does not include any unexhausted claims and, therefore, a stay is not appropriate in this case. Rhines v. Weber, 544 U.S. 269, 275 (2005).

The Court finds itself in agreement with the Report and Recommendation of the Magistrate Judge in this case and further finds that the Objections must be overruled because they fail to establish error in the analysis of the facts and law by the Magistrate

1  Judge and simply reargue Petitioner's claim that the Arizona Court of Appeals erred.

2      IT IS ORDERED overruling Petitioner's Objections to the Report and
3  Recommendation of the Magistrate Judge.

4      IT IS FURTHER ORDERED adopting the Report and Recommendation of the
5  Magistrate Judge as the Order of this Court. (Doc. 14)

6      IT IS FURTHER ORDERED denying Petitioner's Motion to Stay Petitioner's
7  Petition of Habeas Corpus. (Doc. 18)

8      IT IS FURTHER ORDERED denying Petitioner's Petition for Writ of Habeas
9  Corpus. (Doc. 1)

10     IT IS FURTHER ORDERED denying a Certificate of Appealability because
11 Petitioner has not made a substantial showing of the denial of a constitutional right.

12     IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

14     Dated this 25th day of October, 2013.

_____
Susan R. Bolton
United States District Judge